### Mower *vs.* Allen and Bateman.

### *In Error.*

The statute requiring Muster Rolls of Militia Companies to be made, is merely directory to Officers; and if in any case it be omitted, this neglect of the Officer will not excuse any one from the performance of military duty.

If an order to warn a Company to do military duty be made by the Commanding Officer, to A. B. Sergeant, his warning is valid although he be but a private· in the Company.

The law does not require a return to be made on such order.

Militia Officers are by the statute constituted Courts of competent jurisdiction, and, in imposing fines, act judicially—not ministerially.    The party aggrieved by the decision of the Commanding Officer of a Company, may appeal to the Regimental Field Officers, whose decision is conclusive, and can no more be called in question collaterally, than the decision of any Court of law of a limited jurisdiction.    The decisions of both are conclusive, while acting within the limits of their jurisdiction.

The law which requires a warrant to an Orderly Sergeant to be recorded by the Adjutant, is merely directory: and if the record of the warrant be omitted, the authority of the Orderly Sergeant is not thereby affected.

THIS was a writ of Error, brought to reverse a judgment ren- *Chittenden,* dered by the County Court for the County of Chittenden, in favour January, 1824. of the defendants, in an action of trespass, in favour of the plaintiff against the defendants, originally commenced before a Justice of the Peace, and brought to said County Court by appeal.    On trial of the action in the County Court, the plaintiff filed a bill of exceptions, on which he brought this writ of Error.

Adams and French for the plaintiff.—They cited Chit. 183. 1 Esp. & Peak, 203—300. Willes, 200—416. 1 East Rep. 216.

Thompson and Richardson for the defendants.—They cited 1 Esp. Digest. 274—275. 2 Willson, 384, 3 John. Rep. 431. 7 John. 549.

The case is fully and clearly stated in the opinion of the Court, delivered by

SKINNER, Ch. J.   This cause is brought before the Court by writ of Error upon the judgment of the County Court of this County.   From the record, it appears that the action is trespass, for taking an ox, valued at 50 dollars.   One of the defendants, Bateman, justifies the taking, &c. as orderly sergeant of a militia company, under a writ of execution, to him directed and issued, or the 3d of October, 1820, by Marcus Allen, Captain and commanding officer of the said company, upon an amercement imposed by said commanding officer upon Mower, the plaintiff, for delinquency of military duty.   Replication, de injuria.   Allen, the other defendant, under the general issue and notice, justifies on the ground that the plaintiff being subject to military duty, the defendant a Captain and commanding officer of the company, amerced him for neglect of duty, and, as such commanding officer, issued the execution therefor.   The first cause assigned for error is the admission in evidence of an irregular muster-roll.   From the record it appears, that the defendants having on the trial shown in evidence, that the office of Captain in the company was vacant, and that Allen was Lieutenant, to show, that the plaintiff was a private, subject to do military duty in the company, and had been duly enrolled therein, offered a paper purporting to be a muster-roll, said to be irregular.   The objection to its admission was overruled.   The principle on which we rest the decision in this case, renders it unnecessary to notice the irregularity complained of.

The statute requiring the making of a muster-roll is directory to the officer; and the neglect cannot be taken advantage of in this way; nor will it excuse any member of the company from the performance of military duty.   This statute has provided, that a *warning* for a company training shall be *notice* of the enrollment; and without such warning no fine can be imposed.   The muster-

roll, therefore, was immaterial on the trial, as was the fact of enroll-
ment. Showing the enrollment, however regular, would have no ten-
dency, it is true, to establish the fact of Mower's being subject to mil-
itary duty in the company, but this was not the objection.   If the
fact of his being subject to military duty was material on the trial,
and the record did not show that evidence was given of all that is
required of the defendants in relation thereto, the question would
merit a different consideration.   It does not appear that Mower
claimed to be exempt from military duty; and if he did, the *onus
probandi* would fall on him.                     •

    The second error assigned is the admission of the order for warn-
ing, and the return thereon.   The objections are, that it had not
been shown that Bateman, to whom it was directed as *second ser-
geant*, was such officer, and that his *return* does not show the time
or manner of service.   The law authorises the commanding officer
to issue his order for warning to one or more non-commissioned of-
ficers, or, for *want thereof*, to one or more privates; and it is im-
material, and cannot be questioned by the private warned, whether
he, to whom the order is given *by name*, sustains the office mention-
ed in the order or not.   The law requires no return to be made
upon the order, by the person to whom it is directed, though the
return in form in this case has been sanctioned by a long course of
practice.

    From these decisions, the Court are enabled to avoid a more
careful consideration of the question as to the effect of the proceed-
ings of a military tribunal in imposing fines.   It may well be urged,
that the Legislature has constituted militia officers Courts of compe-
tent jurisdiction to decide the question.   An appeal lies, from the
commanding officers of companies, to the regimental field officers,
whose acts in the case are not ministerial, but judicial; and it would
seem their decisions must be conclusive.   It is fully established,
that the judgment of a Court, having jurisdiction of the subject
matter, cannot be collaterally impeached.   If a person amerced in
a fine is aggrieved, his proper remedy is by appeal.   A different
course would be dangerous indeed to the officers of the militia, and
in the end subversive of all military authority.   Cowp. 315.   3 T.
R. 125.   2 Bos. & Pull. 391.   3 Maul & Sel. 411.   7 T. R. 633.
12 East. 75.   16 East. 21.

*Chittenden,
January,
1824.*

*Mower
vs.
Allen and
Bateman.*

*Chittenden,
January,
1824.*

*Mower
vs.
Allen and
Bateman.*

The writ of execution is objected to on the ground that it does not appear that Allen was Captain; the same being signed by Marcus Allen, *commanding officer.* The defendants justify under him; and he is described in their pleadings, as Captain and commanding officer. The record shows that the office of Captain had been vacant; and the commission of Allen, as Lieutenant, also appears; therefore his authority to issue the execution is established, whatever may have been the defect in his commission as Captain.

It is also objected, that Bateman, to whom the execution is directed, as orderly sergeant, was not such officer on the 3d day of October, 1820, the time of issuing the execution. The warrant to Bateman is dated July 3d, 1820: the oath administered by Marcus Allen as Captain, August 28, 1820: and the record in the office of Adjutant bears date March 23d, 1821. If it was necessary to the validity of the acts of Bateman, as sergeant, that he should have been sworn, there can be no doubt of the authority of *Allen,* as Lieutenant and commanding officer of the company, to administer the oath, however he may have entitled himself in the certificate thereof. The record, required to be made, of the issuing of the warrant, is directory to the Adjutant, and not material to the authority of the officer. The charge of the Court therefore must be approved, and judgment affirmed.